**Opinion issued March 12, 2020.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-19-00757-CR**

_____

**JONAS REGINALD ROBINSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 86612-CR**

---

**MEMORANDUM OPINION**

Appellant, Jonas Reginald Robinson, entered into a plea bargain with the State in which he agreed to plead guilty to the offense of theft with two previous convictions in return for the State's recommendation of an eleven-month sentence. The trial court entered judgment in accordance with the plea bargain, sentencing

appellant on September 16, 2019 to eleven months' incarceration in the State Jail Division of the Texas Department of Criminal Justice. We dismiss.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Robinson has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

---

[1] The trial court's certification also states that appellant waived the right of appeal. Appellant marked her initials beside waiver as well as the statement that she had no right to appeal because this was a plea-bargain case.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).